UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERIC RUIBAL, et al.,

    Defendants.
_____/

File No. 1:12-CR-132

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter is before the Court on objections to the government's proposed groupings of the defendants for trial. (Dkt. Nos. 509, 530.) The government has filed responses in opposition to the objections and in support of its proposed groupings. (Dkt. Nos. 525, 537.)

**I.**

The Fourth Superseding Indictment charges 31 defendants and 28 offenses, including a RICO conspiracy (Count 1), three drug conspiracies (Counts 14, 15, 16), twelve counts relating to assaults in aid of racketeering or discharge of a firearm in relation to those assaults (Counts 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13), nine counts relating to possession of firearms or ammunition (Counts 17, 18, 19, 20, 21, 22, 23, 24, 25), and three counts of obstruction of justice (Counts 26, 27, 28). (Dkt. No. 480.) To date, five defendants have entered guilty pleas, leaving 26 defendants for trial. Due to the logistical impossibility of trying all 26 defendants at the same time, the Court requested that the government propose a division of

the case for trial purposes. (Dkt. No. 444.) On July 10, 2013, the government provided notice of its proposed order and grouping of defendants for trial. (Dkt. No. 479.) Although this Court advised that it was inclined to accept the government's proposed trial groupings, the Court agreed to consider objections filed by any of the defendants. (Dkt. No. 482.)

The Court has received objections regarding the composition of Groups 1 and 2. The Proposed Trial Group 2 defendants, except Joe Cabrera, object to being tried with Defendant Cabrera. (Dkt. No. 509.) The basis for their objection is that Defendant Cabrera is charged with crimes of violence that carry such a stigma about them that the rest of the Group 2 defendants will be found guilty by association. Miguel Soto, a Proposed Trial Group 1 defendant, objects to being tried with the other Group 1 defendants on the basis that he would be unduly prejudiced by the presentation of a substantial amount of evidence that is unrelated to any of the charges against him.

## II.

The Federal Rules of Criminal Procedure permit the joinder of offenses and defendants for trial, Fed. R. Crim. P. 8, but they also provide that the district court may grant a severance in its discretion for trial purposes if it appears that a defendant will be prejudiced by the joinder. Fed. R. Crim. P. 14(a); *United States v. Gardiner*, 463 F.3d 445, 472 (6th Cir. 2006) (noting that severance rulings are reviewed for an abuse of discretion). These rules are designed "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the

defendants to a fair trial." *Zafiro v. United States*, 506 U.S. 534, 540 n.6 (1993) (quoting *Bruton v. United States*, 391 U.S. 123, 131, n.6 (1968)).

There is a preference in the federal system for joint trials of defendants who are indicted together because they promote efficiency and avoid inconsistent verdicts. *Id.* at 537; *see also United States v. Tocco*, 200 F.3d 401, 413 (6th Cir. 2000) ("Joint trials are favored in this circuit . . . ."). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. *See also United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005) ("In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever.").

> Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.

*Zafiro*, 506 U.S. at 539. A defendant is not entitled to severance merely because the proof is greater against a co-defendant or because the defendant would have a better chance of acquittal in a separate trial. *Gardiner*, 463 F.3d at 473.

Even when the risk of prejudice is high, a severance should not be granted if "less drastic measures, such as limiting instructions," will cure any risk of prejudice. *Id.* There is a presumption that the jury will be "capable of sorting out the evidence and considering the case of each defendant separately." *Tocco*, 200 F.3d at 413 (quoting *United States v. Harris*, 9 F.3d 493, 501 (6th Cir. 1993)). Courts have repeatedly rejected severance requests in RICO cases based on claims of disparity of the evidence and "prejudicial spillover," or "guilt by association." *See*, *e.g.*, *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008); *Gardiner*, 463 F.3d at 472-73; *Tocco*, 200 F.3d at 413-14 & n.5.

### III.

The six objecting Group 2 defendants have been charged with the RICO conspiracy, drug conspiracies, and with possession of firearms by felons. They object to being grouped with Defendant Cabrera, who has been charged not only with the RICO conspiracy and a drug conspiracy, but also with assault with a dangerous weapon in aid of racketeering, and use and discharge of a firearm during and in relation to a crime of violence (Counts 2 and 3). The objecting defendants have not been charged with assault. They contend that the violent assault charges against Defendant Cabrera carry such a stigma about them that they will be found guilty by association based solely on the evidence that the government will introduce against Defendant Cabrera. (Dkt. No. 509.)

The Court finds that the risk of prejudice asserted by the Group 2 Defendants is overstated. All of the Group 2 defendants have been charged with the RICO conspiracy.

4

The RICO conspiracy charged includes, as overt acts, a number of assaults. (*See*, *e.g.*, Dkt. No. 480, 4th Sup. Indictment, Count I, Overt Acts 4, 10, 14, 24, 43, 47, 65, 66, 87, 118.) Evidence of these assaults may be admissible as to the Group 2 defendants, even if the individual Group 2 defendants were not involved in them, as long as the assaults were connected to the affairs of the enterprise. *See United States v. Qaoud*, 777 F.2d 1105, 1116 (6th Cir. 1985); *see also United States v. DiNome*, 954 F.2d 839, 843 (2d Cir. 1992) ("Proof of [RICO] elements may well entail evidence of numerous criminal acts by a variety of persons, and each defendant in a RICO case may reasonably claim no direct participation in some of those acts. Nevertheless, evidence of those acts is relevant to the RICO charges against each defendant and the claim that separate trial would eliminate the so-called spill over prejudice is at least overstated if not entirely meritless."). The drive-by shooting that is the subject matter of Counts 2 and 3 is no different in kind or degree from the other assaults charged as part of the RICO conspiracy. Accordingly, the proofs that will be submitted against Defendant Cabrera with respect to Counts 2 and 3 are not significantly more prejudicial to the other Group 2 defendants than the proofs that will be submitted as to the RICO conspiracy alleged in Count 1.

In addition, although the drive-by shooting that is the subject of Counts 2 and 3 is not one of the overt acts charged in the Count 1 RICO charge, it is directly related to the charged RICO conspiracy. Count 2 explicitly incorporates the RICO enterprise and alleges that the assault was "for the purpose of gaining entrance to and maintaining and increasing position

5

in the HLK, an enterprise engaged in racketeering activity," and Count 3 alleges an assault with a dangerous weapon in aid of racketeering as set forth in Count 2. Accordingly, this evidence would be admissible against the other defendants even if they were tried separately from Defendant Cabrera. The Court is satisfied that any prejudice from trying the Group 2 objectors together with Defendant Cabrera can effectively be addressed with less drastic measures, such as limiting instructions from the Court.

Finally, even if there is some potential for jury confusion from including Cabrera with the other Group 2 defendants, "such confusion must be balanced against society's interest in speedy and efficient trials." *United States v. Benton*, 852 F.2d 1456, 1469 (6th Cir. 1988). The government's decision to try Defendant Cabrera together with the other Group 2 defendants is a reasonable choice. All of the seven Group 2 defendants are charged with the RICO conspiracy (Count 1), and six of the seven Group 2 defendants, including Defendant Cabrera, are charged with conspiracy to distribute cocaine (Count 14). Although Defendant Cabrera could conceivably be moved to Group 1, the size of Group 1 is already stretching the limits of the Court's resources.

The Court concludes that the composition of Group 2 is reasonable, that there is no serious risk that trying the defendants in Group 2 together would compromise a specific trial right of any of the Group 2 defendants, and that any prejudice from trying the Group 2 defendants together can be addressed with less drastic measures, such as limiting instructions from the Court.

6

## IV.

Defendant Soto objects to being tried in Group 1 because Group 1 contains the largest number of Defendants (11) and the largest number of separate counts (18). Defendant Soto contends that because he has only been charged in 5 of the 18 counts to be tried in Group 1, and he has not been charged with the RICO conspiracy, he is at risk of "prejudicial spillover" and "guilt by association" from the presentation of evidence that is entirely unrelated to him. (Dkt. No. 530.)

Although the government has not charged Defendant Soto in the RICO conspiracy (Count 1), the charges against Defendant Soto are nevertheless directly related to the RICO conspiracy. Counts 4 and 10 charge Defendant Soto with conspiracy to commit an assault with a dangerous weapon in aid of racketeering; Counts 5 and 11 charge him with conspiring to use a firearm during and in relation to those racketeering-related assaults; and Count 9 charges him with being an accessory to attempted murder in aid of racketeering. Because the evidence regarding the RICO conspiracy is relevant to the charges against Defendant Soto, the prejudice in being tried together with the other Group 1 defendants is not as great as Defendant Soto asserts.

As to each of the five counts in which defendant Soto is charged, at least one other Group 1 defendant is also charged. In two of those counts, three other Group 1 defendants are also charged. Trying Defendant Soto separately from the other Group 1 defendants would, at a minimum, result in a duplication of the evidence relating to those five counts,

causing an unwarranted additional expenditure of judicial resources. Moreover, although Defendant Soto only asks to be removed from Group 1, his arguments for severance based on not being named in the RICO count would apply equally to the other groups as well because each of the 3 groups contains defendants who are charged with the RICO conspiracy.

The Court concludes that trying Defendant Soto with Group 1 is reasonable, that there is no serious risk that trying him in Group 1 would compromise any of the defendants' specific trial rights, and that any prejudice from trying him in Group 1 can be be addressed with less drastic measures, such as limiting instructions from the Court.

## V.

But for logistical limitations that preclude the trial of the 26 remaining defendants at one time, there is nothing that would preclude all of the defendants from being tried together. The Court is not familiar with all of the evidence in this case or the factors that went into the government's proposed groupings, but it appears that the government has presented a reasonable basis for separating the 26 defendants into the three proposed trial groupings. The objections to the groupings have not shown that the proposed groupings would pose a serious risk to any specific trial rights nor have they articulated a more reasonable division that would not result in additional trials or longer delays. While the Court is cognizant that there are risks of jury confusion in complicated multi-defendant trials, the Court intends to give the jury explanatory and limiting instructions and other tools throughout the course of the trial which should be more than sufficient to enable the jury to sort out the evidence and to

consider the case of each defendant separately. The Court will accordingly overrule the objections to the government's proposed trial groupings, and will schedule the trials based on the proposed trial groups listed in the government's notice regarding order of trials. (Dkt. No. 479).

An order consistent with this opinion will be entered.


Dated: August 1, 2013                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE