UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERIC RUIBAL, et al.,

    Defendants.
_____/

File No. 1:12-CR-132

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Defendant Frank Cisneros's corrected motion for a *Kastigar* hearing and to dismiss Count 1 of the Indictment, or to suppress evidence derived in violation of his Fifth Amendment rights. (Dkt. No. 478.) For the reasons that follow, the motion will be denied.

### I.

In August 2000 Defendant Cisneros testified before a federal grand jury under a grant of immunity about the activities of the Latin Kings. Defendant now requests a hearing pursuant to *Kastigar v. United States*, 406 U.S. 441(1972), to determine the extent to which the government's case against him has been tainted by the government's access to his immunized statements.

A "*Kastigar* hearing" is an evidentiary hearing at which the government is required to prove that it is not using a defendant's immunized testimony against him. *United States*

*v. Mendizabal*, 214 F. App'x 496, 501 (6th Cir. 2006). In *Kastigar*, the Supreme Court held that when a witness who has given incriminating testimony under a grant of immunity pursuant to 18 U.S.C. § 6002 is subsequently prosecuted for a matter related to the compelled testimony, the government bears "the heavy burden of proving that all of the evidence it proposes to use was derived from legitimate independent sources." 406 U.S. at 461. "This burden of proof . . . is not limited to a negation of taint; rather, it imposes on the prosecution the affirmative duty to prove that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony." *Id.* at 460.

A *Kastigar* hearing is only required when the government prosecutes a defendant who has been granted statutory immunity, i.e., immunity granted under the federal witness immunity statute, 18 U.S.C. § 6002. Statutory immunity "assures a witness that his immunized testimony will be inadmissible in any future criminal proceeding, as will be any evidence obtained by prosecutors directly or indirectly as a result of the immunized testimony. *United States v. Turner*, 936 F.2d 221, 223-24 (6th Cir. 1991) (citing 18 U.S.C. § 6002). When a witness is granted statutory immunity, his testimony is compelled by court order. 18 U.S.C. § 6003. In order for a federal prosecutor to grant statutory immunity, "he must receive approval from both the United States Attorney in the relevant judicial district, and from a high-ranking official in the Justice Department; the immunity grant must also be approved by a federal district judge." *Turner*, 936 F.2d at 223 (citing 18 U.S.C. § 6003).

A prosecutor can bypass statutory formalities and informally grant "pocket immunity."

*Turner*, 936 F.2d at 223. Pocket immunity "arises by way of assurances by prosecutors, either orally or by letter, to a potential grand jury witness that he will be immune from any prosecution based upon that testimony. Such decisions are made informally, outside the supervision of a court." *Turner*, 936 F.2d at 223. A defendant who is prosecuted after receiving pocket immunity is not entitled to a *Kastigar* hearing. *Mendizabal*, 214 F. App'x at 501; *see also See United States v. Warshak*, 631 F.3d 266, 294 (6th Cir. 2010) ("[B]ecause the documents were not the product of compelled testimony, a full *Kastigar* hearing was not required."); *United States v. Orlando*, 281 F.3d 586, 594 (6th Cir. 2002) (observing that the defendant "was not granted statutory immunity under 18 U.S.C. § 6002, so the protections that are provided to a witness who testifies pursuant to such immunity are not applicable").

Defendant Cisneros has not produced any evidence that he was granted statutory immunity. Defendant has not produced a written agreement or any court order compelling his testimony. The only immunity he asserts he was granted was the informal immunity promised to him by the Assistant United States Attorney at a grand jury proceeding on August 8, 2000. Because he was granted only informal immunity, he is not entitled to the protections of *Kastigar*. Defendant's request for a *Kastigar* hearing will accordingly be denied.

Although Defendant is not entitled to a *Kastigar* hearing, due process still "requires the government to adhere to the terms of any immunity agreement it makes," even if it has only granted informal or pocket immunity. *United States v. Fitch*, 964 F.2d 571, 576 (6th

Cir. 1992) (citing *United States v. Pelletier*, 898 F.2d 297, 302 (2d Cir. 1990)). When a defendant is granted only informal or pocket immunity, "normal contract law and remedies govern any alleged breach by prosecutors." *Mendizabal*, 214 F. App'x at 501 (citing *Fitch*, 964 F.2d at 574; *Turner*, 936 F.2d at 224); *see also United States v. Rozin*, 1:05-CR-139, 2007 WL 2407050, at *5 (S.D. Ohio Aug. 22, 2007) (holding that because the immunity granted to the defendant was not statutory in nature, but rather was in the form of an informal agreement, the defendant was not entitled to a *Kastigar* hearing, and normal contract law governed the alleged breach of the immunity agreement).

The immunity granted to defendant at the August 8, 2000, grand jury proceeding was limited to Defendant's statements with respect to his involvement in buying or selling illegal drugs with the Latin Kings, and his knowledge of individuals in the Latin Kings possessing illegal firearms. (Tr. 5-6.) The promise of immunity was set forth on the record as follows:

> Q  I understand that you are willing to answer questions with respect to your activities in selling illegal drugs to Latin King members; is that correct?
>
> A  Correct.
>
> Q  We have an agreement, an understanding, that I will not use your statements here today or what you say today against you in a prosecution, correct?
>
> A  Correct.
>
> Q  All right. But that our agreement with respect to immunity is limited to that and knowledge that you have as to illegal firearms with the Latin Kings, correct?

4

> A   Correct.
>
> Q   So let me be extra clear about this. I agree, and you understand that I agree, that any statements that you make today with respect to your involvement in buying or selling illegal drugs with the Latin Kings will not be used against you, correct?
>
> A   Correct.
>
> Q   Anything that you say today as to your knowledge of individuals in the Latin Kings possessing illegal firearms will not be used against you; is that correct?
>
> A   Correct.
>
> Q   All right. I'm not giving you immunity for anything else.

(Dkt. No. 478, Ex. 1, 08/08/2000 GJ testimony.) It is unclear from the record whether the immunity extended to derivative use. The Court will resolve the ambiguity, however, to the benefit of Defendant Cisneros. *See United States v. Randolph*, 230 F.3d 243, 248 (6th Cir. 2000) ("[A]ny ambiguities in the language of a plea agreement must be construed against the government.") Accordingly, the Court finds that the government promised Defendant use and derivative use immunity for his statements with respect to his pre-August 2000 involvement in buying or selling illegal drugs with the Latin Kings, and his pre-August 2000 knowledge of individuals in the Latin Kings possessing illegal firearms.

The government understands its obligations under the promise of immunity and asserts that it has not breached that promise. According to the government, no one involved in the federal investigation of the pending case was aware of Defendant Cisneros' immunized testimony; the references in the indictment to Defendant's drug trafficking activity prior to

5

August 2000 was known to the government prior to his August 2000 grand-jury appearance, and the government has no intention of introducing Defendant's grand-jury testimony regarding drugs and firearms at his trial.

Defendant has not alleged that the government has breached the immunity agreement. Defendant simply wants to determine the extent to which the government's case has been tainted by his immunized statements. While such a request would be sufficient if Defendant had received statutory immunity, it is not sufficient for purposes of determining whether the government has breached the informal immunity Defendant received. Under the normal contract principles that govern any alleged breach of informal immunity agreements, the Court will not require the government to come forward with affirmative evidence that it did not breach the immunity agreement until the one asserting a breach of that agreement comes forward with some evidence to suggest that the government has breached the agreement. There must be some suggestion of a breach before the government will be put to its proofs. Defendant has not made such a showing. Accordingly, Defendant's motion for a *Kastigar* hearing and to dismiss Count 1 of the Indictment, or to suppress evidence derived in violation of his Fifth Amendment rights (Dkt. No. 478) will be denied.

An order consistent with this opinion will be entered.


Dated: September 5, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE